Guarionex SUAREZ, 86A3059, Plaintiff,

v.

KEISER, Doctor, Dobies, Doctor; N. O'Connor; Thomas M. Poole; Lester N. Wright, Doctor; Kooi Pang; Graceffo; A. Tougsanant; Burge and Gregoire; Defendants.

No. 04–CV–6362P.

United States District Court, W.D. New York.

Oct. 5, 2004.

Guarionex Suarez, Romulus, NY, pro se.

## DECISION AND ORDER

LARIMER, District Judge.

### *INTRODUCTION*

Plaintiff Guarionex Suarez, an inmate of the Five Points Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants denied him appropriate medical care for a vascular condition, which has caused him to be subjected to great pain over an extended period of time resulting in his confinement to a wheelchair. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### *DISCUSSION*

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999). Dismissal is not appropriate "unless it ap-

pears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *and see Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir. 1998).

Based on my evaluation of the complaint, unless plaintiff files an amended complaint as directed below, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted. The Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding his claims are included. *Davidson v. Flynn,* 32 F.3d 27, 31 (2d Cir.1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

■ A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See also Ross v. Kelly,* 784 F.Supp. 35, 43–44 (W.D.N.Y.), *aff'd,* 970 F.2d 896 (2d Cir.), *cert. denied,* 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.' " *Harrison v. Barkley,* 219 F.3d 132, 136–137 (2d Cir.2000) (quoting *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998) (internal quotation marks omitted)). The Second Circuit has set out the requirements of an Eighth Amendment claim.

[Medical] conditions . . . vary in severity and . . . a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance,* 143 F.3d at 702).

■ A prisoner's allegation that he experienced serious physical pain over an extended period of time can rise to the level of a sufficiently serious medical condition under the Eighth Amendment. *See Chance,* 143 F.3d at 702–703 (2d Cir.1998) (allegations of severe tooth pain for at least six months stated a claim for a sufficiently serious medical condition under the Eighth Amendment.); *Hathaway v. Coughlin,* 37 F.3d 63, 67 (2d Cir.1994) (severe hip pain over an extended period was sufficiently serious condition.); *Bryant v. Artuz,* 1998 WL 24360, at *2 (S.D.N.Y. Jan. 23, 1998) (prisoner's allegation of severe back pain following disc surgery was held to be sufficiently serious medical condition to survive a motion for summary judgment). Although plaintiff does allege facts that may demonstrate a serious medical need, a failure to provide certain medical treatment, without more, is generally not actionable unless "the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir.1987).

■ Furthermore, negligence or medical malpractice does not generally establish a constitutional violation. *See Estelle,* 429 U.S. at 105–06, 97 S.Ct. 285. At the same time, "while 'mere medical malpractice' is not tantamount to deliberate indif-

ference, certain instances of medical malpractice may rise to the level of deliberate indifference; namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Hathaway*, 99 F.3d at 553 (citation omitted). Thus, in certain instances a physician may be deliberately indifferent if he or she consciously chooses "an easier and less efficacious" treatment plan. *Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir.1974) (holding that where plaintiff alleged that the prison doctors chose simply to close a wound caused by the severing of his ear rather than attempting to reattach the organ, such treatment could constitute deliberate indifference rather than a mere difference of opinion over a matter of medical judgment); *see also Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir.1989) (reaffirming position that "choice of an easier but less efficacious course of treatment can constitute deliberate indifference").

■ I find that the facts pleaded do not clearly demonstrate deliberate indifference on the part of any particular defendant and therefore plaintiff has failed to allege a constitutional violation. In addition, plaintiff has failed to make any specific allegations as to some of the defendants. Although it appears that all of the defendants, except Superintendent Poole, are medical professionals at correctional facilities in which plaintiff has been incarcerated, few specific claims are set forth concerning each defendant.

As stated above, I will allow plaintiff an opportunity to amend his pleading to address these two deficiencies: 1)failure to allege specific allegations concerning each defendant which show that he or she was personally involved in the deprivation alleged, and 2)failure to state specific allegations as to each defendant that show he or

she was deliberately indifferent to plaintiff's condition, rather than just negligent. The amended complaint must set forth specific allegations that, if proved, 'would allow a reasonable fact finder to conclude that [plaintiff] had a serious medical need and that the defendants were deliberately indifferent to that need.' *Davidson*, 32 F.3d at 31.

Plaintiff is warned that, if his allegations raise only a negligence or medical malpractice claim, that claim may not be brought in Federal Court because it is a state law cause of action and not a constitutional violation.

### CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **November 3, 2004** which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to *completely replace* the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the

sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **November 3, 2004;**

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **November 3, 2004,** the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **November 3, 2004,** the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **November 3, 2004,** the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.